CHASE v. JEFTS.

The question, whether the lands of adjoining owners are under improvement, is one of mixed law and fact, to be determined by the jury under proper instructions.

Instructions, that, if the lands of adjoining owners are used or employed to good purpose, or turned to profitable account, they are under improvement within the meaning of the statute, are not erroneous.

Upon a petition for that purpose, the fence-viewers may divide the fence between the lands of adjoining owners under improvement, whether there is one existing on the line at the time of such division or not.

ASSUMPSIT, to recover the fees of fence-viewers. This is the same case as that reported *ante*, p. 43.

The fence-viewers, on a petition to them, alleging that the adjoining lands of the parties were improved, heard evidence, and so decided, and divided the fence, assigning to each owner his portion to build and maintain.

The defendant claimed that the division was void, because the lands were not improved the entire length of the line, and because there was no fence on a part of the line, and the fence-viewers had authority to make a division only so far as there was a fence.

As to whether the lands were improved the whole distance, the evidence was conflicting. The plaintiff's evidence tended to show that on a portion of the line there was woodland; that there was a high bank where there was no occasion for a fence, and none was ever built; that from the foot of the bank to the corner was an old log

fence ; that in 1868 the timber on the woodland was sold, roads cut through it, and the timber taken off; that some of it was cleared, so as to raise hay on it, and some of the defendant's land was used as a pasture ; that in the fall and spring, cattle of the plaintiff and the defendant went through it, and up and down the bank where it adjoined the mowing fields.

The defendant requested the court to instruct the jury that the portion of the fence running through the woodland was not on the line between improved lands ; and that land covered with forest, and used for getting timber and fire-wood from, is not improved land. The court denied the request, and instructed the jury that the question, whether the adjoining lands of the parties were under improvement, was for them to determine ; that if they should find that they were occupied, used, or employed for a good purpose, or turned to a profitable account, they would be under improvement, within the meaning of the statute ; that if they were improved the entire length of the line between the parties, the fence-viewers could, under the petition, make division of the fence for the entire line, whether there was a fence on it or not. Verdict for the plaintiff, and motion for a new trial.

*Lovell, Cushing*, and *Colby & Batchelder*, for the plaintiff.

*Burke, Lane*, and *Davis*, for the defendant.

STANLEY, J.  The statute authorizes the fence-viewers, upon application, to make division of the fences between owners of adjoining lands under improvement. Gen. St., *c.* 128, *ss.* 1, 4. The question, whether or not the land of adjoining owners is under improvement, is one of mixed law and fact, and was properly left to the jury. Its decision depended upon a variety of facts and circumstances, some of which were the extent and mode of occupation, the character of the land and the growth upon it, all tending in a greater or less degree to furnish an answer. Upon this question it was for the jury to consider and weigh all the evidence, under proper instructions. *Kent* v. *Tyson*, 20 N. H. 121 ; *Coffin* v. *Ins. Co.*, 15 Pick. 291, 295.

The defendant requested the court to instruct the jury, that land covered with forest, and used for getting timber and fire-wood from, is not improved land. This instruction was not called for by the evidence. It left out of view the further material facts, that some of the plaintiff's land had been used for mowing, and some of the defendant's land as a pasture ; and that in the fall and spring the defendant's cattle went over the line of the defendant's land adjoining that part of the plaintiff's land which had been mowed. Instructions should be predicated upon the whole case, and take in all the evidence. *Goodrich* v. *Eastern R. R.*, 38 N. H. 390.

The term " under improvement," as used in the statute, means used, occupied, employed, turned to profitable account. The purpose

of the statute was, to require owners of adjoining lands, occupying or using them beneficially, using them in such a way as to derive some profit or advantage therefrom, to maintain the fences equally. *Wiggin* v. *Society*, 43 N. H. 260. The instructions on this point were sufficiently favorable to the defendant.

The defendant also objects that the fence-viewers had no power to divide the fence on that part of the line where there was none existing at the time the petition was presented to them : but this objection cannot prevail. The legal construction of the statute authorizing a division of the fence is, that the line on which the fence is to be built may be divided. It is not necessarily the fence that is to be divided, but the line on which the fence is to be built; and it is the duty of the fence-viewers, on a petition to them, to assign to each one the part of the line on which he should maintain the fence. Until this was done, each was bound to keep his cattle upon his own land, at his peril. Neither was bound to build any particular portion of the fence on the line. If the view contended for by the defendant is correct, the parties, unless they agreed, would practically be prevented from enjoying the occupation and use of their land, or the party desiring to occupy must build the whole of the fence at his own expense before any division could be made, and for the expense thus incurred he would be without a remedy. No such course was contemplated by the statute.

*Judgment on the verdict.*

BINGHAM, J., did not sit.