## PIPER *v.* PIPER.

Woodland through which the owner's cattle roam as a part of their pasture is "under improvement," within the meaning of the statute of fences, Gen. Stats., *c.* 128, *s.* 1.

When, at a hearing before fence-viewers for the appraisal of a fence, upon Gen. Stats., *c.* 128, *s.* 8, the defendant makes an objection, but does not object to the location of the fence built for him by the plaintiff on the plaintiff's land, not on the boundary line, but at the place where its construction would be the most economical and advantageous for the defendant, the defendant cannot object to the location in a suit brought, upon *ss.* 9 and 15, for double the value of the fence and the fence-viewers' fees.

ASSUMPSIT, upon Gen. Stats., *c.* 128, to recover double the value of a fence appraised by the fence-viewers, and their fees. Facts found by a referee. The defendant is the actual occupant of land north of and adjoining the plaintiff's land. In 1876, by a writing under seal, they made a division of the partition fence, and agreed to build according to the division. The defendant having neglected to build his part, the fence-viewers, upon due proceedings, gave him notice to build it. The defendant not complying with the notice, the plaintiff built the defendant's part, and it was appraised by the fence-viewers. At both hearings the defendant appeared. At the second hearing he made an untenable objection to the qualification of a member of the tribunal.

On the defendant's side of a part of the line where he agreed to build the fence is a tract of his woodland, between which and his adjoining pasture there is no fence, and through which his cattle roam.

For a distance of ten or twelve rods, the defendant's part of the line runs across a steep ledge, and for that distance the plaintiff built the fence on his own land, at the top of the ledge, from three to four feet south of the line. The referee found for the plaintiff.

*Wilson,* for the defendant.

The defendant was not bound to maintain a partition fence between the plaintiff's land and the woodland which was not under improvement. Gen. Stats., *c.* 128, *ss.* 1, 12.

And he is not liable to pay for the fence built by the plaintiff, because a part of it not being on the line, it is not the partition fence. Gen. Stats., *c.* 128, *s.* 1; *Gallup* v. *Mulvah,* 24 N. H. 204, 207; *Glidden* v. *Towle,* 31 N. H. 147, 164. If stakes or wooden posts could not be set on the line across the ledge, iron posts could be used, or a stone wall could be built.

*Burrows & Jewell*, for the plaintiff.

Doe, C. J.    The defendant's woodland was so used by him as to make a partition fence necessary.    His cattle roamed through it as a part of their pasture, and the plaintiff needed a protection against them which he might not have needed if it had been cultivated. Within the meaning of the statute of fences, the woodland was under improvement, as a cattle-yard would be.    *Chase* v. *Jefts*, 58 N. H. 280.    The division made by the parties in writing included this part of the line, and contained the defendant's express acceptance of this part, and his express agreement to build and maintain a fence there.    By this written division and agreement, he induced the plaintiff and the fence-viewers to act upon his admission that the woodland was under improvement.

The defendant's non-observance of his agreement, and of the fence-viewers' notice to build his part of the fence, authorized the plaintiff to build it at the defendant's expense.    Gen. Stats., c. 128, ss. 1, 2, 6, 7, 8, 9, 19.    The plaintiff had a right to build it across the ledge, on the line, although the expense would be greater there than a few feet further south, on the plaintiff's land, where he did build it.    Waiving his own right for the benefit of the defendant, he put the fence where it would be the least expensive and most advantageous for the defendant, and called the fence-viewers to appraise it.    The defendant, being notified, attended the hearing, and objected, but did not present the objection which he now makes to the location.    If he had presented it then, the plaintiff could have obviated it by discontinuing that proceeding (if its discontinuance would have been necessary), building on the line across the ledge at a greater expense for the defendant, and calling out the fence-viewers again.

The trial of the question of value was a judicial inquiry: the defendant was entitled to notice, and an opportunity to be heard, and the appraisal was "final and conclusive upon the parties." Gen. Stats., c. 128, ss. 14, 17.    And if it was the duty of the fence-viewers to determine the value without undertaking to decide the question of the defendant's liability, the defendant is nevertheless precluded from denying the fact which his conduct caused the plaintiff to believe in and act upon.    Having attended the trial, and, by making a groundless objection and witholding this one, having induced the plaintiff to proceed to judgment of appraisal, resort to this court for execution, and thus change his position, in the reasonable belief that the defendant waived the objection of location, he is estopped to say he did not waive it.    When the fence was tendered to the defendant by the proceeding for appraisal, he was required by good faith to waive this objection, or present it when the plaintiff could obviate it by moving the fence before judgment of appraisal, as a creditor, entitled to legal tender, is required to object to other customary money when it is tendered,

or waive the objection. *Lyman* v. *Littleton*, 50 N. H. 42, 45, 46. The plaintiff had as much reason to suppose the defendant would not object to the most advantageous location, as a debtor has to suppose his creditor will not object to ordinary currency worth as much as legal tender.

When the defendant pays for the fence it will be his property. The boundary line will not be changed. And we see no difficulties in the future exercise of the rights of the parties, sufficient to take the case out of the operation of the rule that disallows the unjust effect of belated objections.

*Judgment for the plaintiff.*

SMITH, J., did not sit: the others concurred.